**James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**AMERICAN REPUBLIC INSURANCE COMPANY, a corporation, Defendant.**

**Civ. No. 3–732.**

United States District Court
S. D. Iowa, Central Division.

Dec. 27, 1956.

Stuart Rothman, Sol., Washington, D. C., Harper Barnes, Regional Atty., Kansas City, Mo., Gerald Z. Rossow, Atty., U. S. Dept. of Labor, Kansas City, Mo., for plaintiff.

Oral S. Swift, George W. Murray (of Swift & Murray), Des Moines, for defendant.

REEVES, District Judge.

This action involves an alleged violation of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

It is charged in the complaint that the defendant is and has been for some time violating the minimum wage law by paying a wage below that fixed by statute, and that overtime services have not been compensated as provided by federal law. Moreover, it is charged that records have not been kept conformable to the provisions of the statute. It is claimed, of

course, that the defendant was and is engaged in interstate commerce.

From the affidavits attached to' the complaint it appears that the defendant has, what was termed in the complaint, "home employees", and that the said "home employees" were not paid the statutory wage, and, furthermore, that they worked overtime without statutory compensation.

The defendant by its answer challenged the applicability of the law to it. It claimed by its answer that it was not engaged in "industry" as contemplated by the Fair Labor Standards Act, and that "Industry" as defined by Section 203, Title 29 U.S.C.A. excluded it from the application of the law. The definition as given in said Section 203 says:

"(h) 'Industry' means a trade, business, industry, or branch thereof, or group of industries, in which individuals are gainfully employed."

Furthermore, it was alleged in the answer (and this was supplemented with an exhibit designed to evidence contract employment) that the said "home employees" were independent contractors, and that they were engaged in sending out literature on behalf of the defendant, it being engaged in the life and accident insurance business.

In its third defense, the defendant alleged that it had no supervision or control over its claimed independent contractors, and that it "did not withhold funds for the purposes of Social Security, Income Tax or Unemployment Benefits * * *."

■ The plaintiff has moved to strike the above averments of the answer.

1. It is permissible under the Rules for a party to set forth affirmatively any defense he might have. He is required to do so as to the defenses enumerated in paragraph (c) of Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.A.

■ If the defendant is not engaged in an "industry" contemplated by the statute, then, of course, it was proper for it to allege such fact. It then becomes a question of mixed law and fact and a decision should be made when testimony has been adduced if the question has not been decided directly or by analogy.

The motion of the plaintiff to strike this averment of the defendant should be overruled.

■ 2. The other part of the motion is directed against the averments of the defendant to the effect that it had not withheld funds for the purpose of Social Security, etc. This averment is designed to show its good faith in pleading its relation to the alleged employees as independent contractors.

It would be competent evidence for the defendant to show what its treatment of and attitude toward the individuals with whom it had contracts was such as to nullify the alleged relationship of employer and employees.

The motion to strike this averment, also, should be and will be overruled.